816 F.2d 674
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lincoln WHITE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 84-2046.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 24, 1987
Decided April 15, 1987.
 
 Before PHILLIPS and WILKINSON, Circuit Judges, and YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 William B. Talty, Tazewell, Virginia, for petitioner.
 William O. Puncer, Department of Labor, for respondent.
 PER CURIAM:
 
 
 1
 Petitioner Lincoln White appeals the Benefit Review Board's denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. The Board affirmed the ruling of an Administrative Law Judge ("ALJ") who found White is not disabled as a result of his coal mining employment. White contends that the ALJ erred in refusing to consider new evidence proffered when the case was remanded, in not considering lay testimony offered at the hearing, and by finding that the interim presumption of total disability under 20 C.F.R. Sec. 727.203(a)(1) had been rebutted. Oral argument scheduled for March 3, 1987, was waived by petitioner's counsel, who agreed to submit the case on the record.*
 
 
 2
 White was employed in the coal mining industry for twenty years and last worked in 1975 as an auger operator. The question in this case is not whether he is disabled, but whether his disability is related to his coal mining employment or is the result of phlebitis, arteriosclerosis, and other ailments.
 
 
 3
 At the hearing, the interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(1) was invoked. The Benefits Review Board later remanded the case for consideration of all evidence of rebuttal under Sec. 727.203(b). On remand, the ALJ refused to consider new medical evidence offered by petitioner. This refusal was within the ALJ's discretion, because the Board had not ordered the records reopened on remand. Meecke v. I.S.O. Support Personnel Department, 14 BRBS 270 (1981). The ALJ then found that although the interim presumption was invoked by X-ray evidence of pneumoconiosis, it was rebutted under 20 C.F.R. Sec. 727.203(b)(2) and (b)(3) by evidence showing that White's disability was not caused by his pnemoconiosis. The Benefits Review Board affirmed the ALJ's finding of (b)(2) rebuttal without addressing (b)(3) rebuttal.
 
 
 4
 The ALJ noted that White's pulmonary function and blood gas test results were within normal ranges and did not qualify him for the interim presumption. He also relied on the opinion of Dr. Robert A. Abernathy, which attributed White's disabling impairment to ailments other than the diagnosed pulmonary condition. Consideration of the test results and opinion was appropriate under Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), cert. granted, Mullins Coal Co. v. Directors, Office of Workers' Compensation Program, United States Department of Labor, 55 USLW 3472 (1987). Claimant's assertion that ALJ Murty improperly failed to consider "lay testimony" given at the hearing is unpersuasive, because lay testimony would not have been relevant to the purely medical question of (b)(2) rebuttal. The test results, combined with the medical opinion, constituted substantial evidence supporting the conclusion that White's disability was unrelated to his pulmonary condition and his finding of (b)(2) rebuttal. The Benefits Review Board properly upheld the (b)(2) rebuttal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm on the reasoning set forth herein.
 
 
 5
 AFFIRMED.
 
 
 
 *
 On February 27, petitioner filed a motion to continue oral argument, or alternatively, to submit on the record and briefs. Respondent opposed the motion and on March 16 filed a motion seeking leave to file a supplemental brief and request for oral argument. The time for respondent's response to petitioner's motion to submit has expired